IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT L. SCHULZ, | ) | |
| Plaintiff, | ) ) ) | 8:05CV530 |
| v. | ) ) | |
| UNITED STATES, and INTERNAL REVENUE SERVICE, | ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) ) | |

This matter is before the court on plaintiff, Robert Schulz's, Motion to Quash a third-party IRS Summons (Filing No. 1), and defendant's brief in opposition to plaintiff's motion to quash. (Filing No. 9). The court has reviewed the parties submissions and concludes that the IRS summons meets the *Powell* factors and that Schulz has failed to present any evidence that the IRS summons was issued in bad faith or for an unlawful purpose.

## FACTUAL BACKGROUND

Robert Schulz is the self proclaimed founder and Chairman of the We The People Foundation for Constitutional Education (We The People Foundation). Schulz has not filed an income tax return since the year 2000. The Internal Revenue Service (IRS) is currently investigating whether Schultz has had any taxable income for the tax periods of December 31, 2001, December 31, 2002, December 31, 2003, and December 31, 2004. Through its investigation, revenue officer Terry Cox, discovered that the We The People Foundation's website invites visitors to make a donation to the organization via credit card to PayPal or by mail directly to the We the People Foundation. The address given for the We The People Foundation is Schultz's home address. The website also contains an on-line store

where products can be purchased through PayPal. One of the products sold over the website is the "Tax Termination Package," which is offered for sale for $39.95. The product is described as "Bob Schulz, Chairman of the We The People Foundation, stopped paying income taxes and filing returns. These are the materials he sent to the IRS. Make sure to get a copy for your personal records." Cox has also learned that the We The People Foundation filed IRS Form 990 for the years ending December 31, 2001, December 31, 2002, and December 31, 2003 and the returns indicate that the organization showed considerable revenue for each year.

Before issuing the third-party summons on PayPal, Cox issued summonses to Schulz personally in May and June of 2003. Cox sought testimony, books, and records, in order to assess whether Schulz had any taxable income. Schulz refused to appear on the date of the summons or to provide any of the requested materials. Because Schulz would not cooperate with the IRS, Cox served a third-party summons on PayPal requesting all records that relate to transactions between any person and Robert Schulz or the We The People Organization, all documents sent by PayPal that also refer to Robert Schulz or We the People or any related accounts, and all documents that identify persons that engaged in transactions with Robert Schulz or We the People or any related accounts. Cox states that the purpose of the Pay Pal summons was to assist in determining whether Schulz earns income from the donations solicited at the website or from the sale of the products offered through the website. Cox explained that the retrieval of this information may allow the IRS to determine whether Schulz has failed to report taxable income for the tax years reflected in the summons. Cox stated that the information sought from PayPal is not already in the possession of the IRS.

2

Recently, the We The People Foundation and numerous individual plaintiffs, including Schulz, brought an action against the United States of America, the U.S. Treasury Department, the Internal Revenue Service, and the U.S. Department of Justice. *We the People v. United States,* No. 04-1211 (D.C. Cir. August 31, 2005). Plaintiffs' complaint stated that it arose "from the failure of the President of the United States and his Attorney General and his Secretary of the Treasury and his Commissioner of the Internal Revenue Service, and the failure of the United States Congress, to properly respond to Plaintiffs' Petitions for Redress of Grievances against their government, namely: grievances relating to violations of the U.S. Constitution's war powers, taxing, money and "privacy clauses." *Id.* The case was dismissed by a District Court in the District of Columbia on the basis that the plaintiffs failed to state a claim that entitled them to relief. *Id.*

Schulz challenges the third-party summons issued to PayPal arguing that the IRS is merely seeking to uncover individuals affiliated with the We The People Foundation and that the summons is issued in bad faith and in retaliation for the lawsuit filed by the We The People Foundation and Schulz.

## DISCUSSION

Under the Internal Revenue Code, the IRS can summons any third person having possession, custody, or care of a taxpayer's books of account, or any other person having relevant or material information, to appear and produce such books of account and to testify as to information which is relevant or material to its inquiry. 26 U.S.C. § 7602. To establish a prima facie case for summons enforcement the IRS must show: (1) that the investigation is for a legitimate purpose; (2) that the requested material is relevant to the investigation; (3) that the material is not already in the agency's possession; and (4) that

3

the proper administrative steps have been followed. *U.S. v. Powell*, 379 U.S. 48, 57-58 (1964); *see also U.S. v. Norwest Corp.*, 116 F.3d 1227, 1233 (8th Cir. 1997). In order to challenge the government's authority to issue the summons the tax payer must show an abuse of the process or the lack of institutional good faith. *United States v. La Salle Nat. Bank*, 437 U.S. 298 (1978).

**A. Prima Facie Case**

1. Legitimate Purpose

Here, revenue officer Cox states that the purpose of the third-party summons is to determine if Schulz has earned any income for the tax periods of 2001, 2002, 2003, and 2004 through the sales or donations on the We the People Foundation's website. Aside from a jumble of constitutional challenges, Schulz's specific arguments challenging the legitimacy of the third-party summons are that the IRS is retaliating against him for exercising his First Amendment rights by filing suit against the United States government, and that the summons is an effort to chill the associational rights of both himself and his customers. Schulz also argues that the third-party summons is improper based on the ruling in the Second Circuit case, *Schulz v. IRS*, 395 F.3d 463 (2d Cir. 2005).

The court does not find Schulz's arguments persuasive. First, the IRS statute specifically allows the government to seek financial information from third parties in cases such as this one where the tax payer is not cooperating with the government investigation. This is not retaliation or harassment; rather, it is a standard and effective investigative technique. Second, Schulz has failed to present any probative evidence that he and his customers associational rights would be chilled by the summons at issue. On the We The People Foundation website Schulz has already posted the names of around two thousand

persons who joined him as plaintiffs in a lawsuit against the federal government. Furthermore, other than alleging that the disclosure of customer information from PayPal to the IRS would chill his customers right to petition the government or inhibit any other First Amendment speech, Schulz fails to provide any evidence of how the disclosure of the customer information will infringe on his First Amendment rights. Indeed, Schulz does not have a First Amendment right to withold money owed to the government and avoid governmental enforcement actions because he objects to government policy. *See We the People v. United States*, No. Civ. A. 04-1211, 2005 WL 2473698, at *2 (D. D.C. Aug. 31, 2005); *See also, Adams v. Comm'r*, 170 F.3d 173, 182 (3d Cir. 1999) ("Plaintiffs engaging in civil disobedience through tax protests must pay the penalties incurred as a result of engaging in such disobedience."); *United States v. Rowlee*, 899 F.2d 1275, 1279 (2d Cir. 1990) ("The consensus of this and every other circuit is that liability for a false or fraudulent return cannot be avoided by evoking the First Amendment [.]") (citing cases).

Furthermore, Schulz's reliance on *Schulz v. IRS*, 395 F.3d 463 (2d Cir. 2005) is misplaced. *Schulz* does not address the IRS's ability to issue third party summons, rather, it merely ruled that the IRS cannot compel Schulz to respond to an IRS summons until a court has issued an order to enforce the summons. Nothing in *Schulz* prevents or even addresses the IRS's ability to seek information from third-parties.

Based on the above, the court concludes that the third-party summons was not issued for any of the improper reasons set forth by Schulz, rather, the third-party summons was issued for the legitimate purpose of assisting with the IRS audit to determine Schulz's tax liability for the tax periods of 2001, 2002, 2003, and 2004.

2. Relevancy

Next, whether material is relevant under the *Powell* test is judged with a deferential standard. *Norwest*, 116 F.3d at 1231 (*citing Powell*, 379 U.S. at 57-58). To establish relevance it is enough to determine "merely whether that information might shed some light on the tax return." *Norwest*, 116 F.3d at 1233 (*citing U.S. v. Arthur Young & Co.*, 465 U.S. 805, 813-14 & n. 11, (1984)). The IRS need not state with certainty how useful, if at all, the summoned material will in fact turn out to be. *Arthur Young*, 465 U.S. at 813-14. Furthermore, it is for the agency, and not the taxpayer, to determine the course and conduct of an audit, and "the judiciary should not go beyond the requirements of the statute and force IRS to litigate the reasonableness of its investigative procedures." *United States v. Clement*, 668 F.2d 1010, 1013 (8th Cir. 1982).

In this case, relevant uses for the information exist. Shulz has not filed tax returns for many years, however, his Foundation is earning significant income by soliciting donations and selling products through its website. The PayPal records will "shed some light" on who is receiving the income generated by these efforts and whether this income is taxable income traced back to Schulz.

Furthermore, because Schulz has refused to cooperate with the government investigation the information sought is not currently in the possession of the government, and Officer Cox averred in his affidavit that the IRS followed the necessary administrative steps in issuing and serving the summons. Therefore, the court concludes that the government has made its prima facie case for enforcement of the summons and will deny Schulz's motion to quash the third-party summons.

**B.     Hearing**

Schulz requests that the court conduct an evidentiary hearing to allow review of evidence regarding his motion. As already discussed, however, the information requested serves a legitimate purpose and is relevant under the deferential *Powell* standard; therefore, there is no need to conduct an evidentiary hearing. *See U.S. v. National Bank of South Dakota*, 622 F.2d 365, 367 (8th Cir. 1980) ("An evidentiary hearing is necessary only where substantial deficiencies in the summons proceedings are raised by the party challenging the summons.") (citation omitted). *See also Alphin v. United States*, 809 F.2d 236, 238 (4th Cir. 1987), *cert. denied* 480 U.S. 935 (1987) ("In order to be entitled to a hearing, the party challenging the summons must allege specific facts in its responsive pleadings, supported by affidavits, from which the court can infer a possibility of some wrongful conduct by the IRS.") (citation omitted).

IT IS ORDERED:

1. The plaintiff's motion to quash (Filing No. 1) is denied.

2. A separate judgment will be entered.

June 26, 2006.    BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge